## SIM COLLINS V. THE STATE.

No. 6547. Decided December 21, 1921.

Rehearing Denied February 22, 1922.

**1.—Murder—Sufficiency of the Evidence.**

Where, upon trial of murder, the evidence was sufficient to sustain the conviction, there was no reversible error.

**2.—Same—Requested Charge—Real and Apparent Danger—Self-defense.**

Where the court's charge submitted self-defense in the proper manner, and instructed the jury that the transaction must be viewed from defendant's standpoint, and that if a threatened attack from this standpoint had begun to be executed the defendant would be justified in shooting to kill the deceased, and sufficiently covered the matter submitted in the requested charge, there was no error in refusing the latter.

**3.—Same—Charge of Court—Manslaughter.**

Where, upon trial of murder, the court's charge was sufficient to guard all the rights of the defendant on the law of manslaughter, there was no error in refusing a requested charge thereon to the effect that if defendant had a reasonable apprehension that the deceased might arm himself, etc., and which was too broad when applied to the facts.

**4.—Same—Indictment—Malice Aforethought—Words and Phrases.**

Where it was contended that because the indictment omitted the use of the word "unlawful" in charging malice aforethought, that the same was bad on motion in arrest of judgment, held: that such contention is untenable, following Thompson v. State, 30 Texas Crim. App., 325, and other cases.

**5.—Same Evidence—General Reputation—Bill of Exceptions—Suspended Sentence.**

In the absence of alleging as to what character of general reputation the State witnesses testified to, the bill of exceptions cannot be considered, and defendant having taken the witness stand, his general reputation for veracity was in issue; besides, he had filed an application for a suspended sentence.

**6.—Same—Rule Stated—Limiting Testimony—Objections to Charge.**

It is the duty of the defendant, who desires that evidence admissible for a specific purpose be limited by the charge to the jury to that particular purpose, to present a request to the trial judge for such limitation, or take a proper exception to the court's charge, and in the absence thereof, there was no reversible error.

**7.—Same—Rehearing—Actual and Apparent Attack—Charge of Court—Defensive—Theory .**

Where defendant claimed that after discussing some differences between him and deceased the latter seized defendant's rifle and undertook, as he believed, to get possession of it for the purpose of shooting him, and the court charged the jury on the subject of self-defense, that if from the manner and character of deceased's attack upon defendant, etc., caused the latter to have a reasonable expectation, or fear of death or serious bodily injury, etc., he killed the deceased, then the defendant should be acquitted,

this phase of the evidence was sufficiently submitted, and there was no question under such facts that an attack had already commenced and was not merely apparent.

Appeal from the District Court of Polk.   Tried below before the Honorable J. L. Manry.

Appeal from a conviction of murder; penalty, fifteen years imprisonment in the penitentiary.

The opinion states the case.

*Charles L. Black,* for defendant.—On question of charge of court on self-defense:   Tillery v. State, 24 Texas Crim. App., 272; Drake v. State, 45 Texas Crim. Rep., 273; Lunday v. State, 127 S. W. Rep., 1034; McDowell v. State, 55 Texas Crim. Rep., 620.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Polk County of the offense of murder and was sentenced to fifteen years in the penitentiary.

No question of the sufficiency of the testimony is raised in the motion for new trial, and we forego any extended statement of the facts, contenting ourselves with saying that they appear to support the judgment.

Appellant requested a special change in substance telling the jury that he had a right to go to the field where deceased was at the time of the homicide, and to discuss their differences and remonstrate against the conduct of deceased and his children; and that if deceased did anything at said time which gave rise to a reasonable apprehension of seriously bodily harm, on the part of appellant, the latter had the right to protect himself from danger whether same was real or only apparent, and that the whole affair must be viewed from the standpoint of appellant.   Reverting to the main charge of the court we find the following as part thereof:

"A reasonable apprehension of death or great bodily harm will excuse a party in using all necessary force to protect his life or person, and it is not necessary that there should be actual danger, provided he acted upon a reasonable apprehension of danger as it appears to him from his standpoint at the time, and in such case the party acting under such real or apparent danger is in no event bound to retreat in order to avoid the necessity of killing his assailant."

"You are further charged that defendant had a legal right to go to the field where deceased was plowing, peaceably to discuss their differences and to remonstrate with deceased about what defendant had heard—that deceased and his children had said or done about defendant or his children, if any, and enter a peaceful protest against

a continuation of such conduct on the part of the deceased and his children, if any."

Again in that part of the charge on the law of self-defense based on threats, the court below told the jury in two places that the transaction must be viewed from appellant's standpoint, and that if deceased did some act which reasonably indicated to the mind of appellant, as viewed from his standpoint, that a threatened attack had commenced to be executed, then appellant would be justified in shooting to kill deceased. These charges we think fully covered the ground contained in the special charge under discussion.

Complaint is also made of the refusal of a special charge authorizing the jury to consider all the acts and conduct of deceased toward appellant in determining whether adequate cause existed to reduce the homicide to manslaughter. The charge of the trial court contains the following:

"Although the law provides that the provocation causing the sudden passion must arise at the time of the killing, it is your duty in determining the adequacy of the provocation (if any) to consider in connection therewith, all the facts and circumstances in evidence in the case, and if you find that, by reason thereof, the defendant's mind at the time of the killing was incapable of cool reflection, and that said facts and circumstances were sufficient to produce such state of mind, in a person of ordinary temper, then the proof as to the sufficiency of the provocation satisfies the requirements of the law, and so in this case you will consider all the facts and circumstances in evidence in determining the condition of the defendant's mind at the time of the alleged killing and the adequacy of the cause (if any) producing such condition."

This seems to fully cover appellant's contention that he was entitled to have the jury to consider all the facts and circumstances in determining whether adequate cause existed, and appears to deprive appellant of just ground of complaint.

Appellant's special charge No. 3 is as follows:

"I charge you gentlemen of the jury, that in order for the right of self-defense to obtain, it is not essential that deceased should have been armed at the time he was shot by defendant, or defendant should have thought he was armed, but it is sufficient, if defendant had a reasonable apprehension that deceased might arm himself, and do defendant serious bodily harm, and acting upon such apprehension of danger to himself, defendant shot and killed deceased."

The proposition announced is too broad and we cannot sanction same as a correct rule of law.

It is also contended that because same omitted the use of the word "unlawful," in charging that appellant with malice aforethought shot and killed A. Wetz, the indictment was bad and the motion in arrest of judgment should have been sustained. The authorities

seem against this contention. Thompson v. State, 30 Texas Crim. App. 316; Morrison v. State, 40 Texas Crim. Rep. 472.

Objection was made to the testimony of certain State witnesses to the bad general reputation of appellant. We have examined this bill and its contents are so vague as to not apprise us of what character of general reputation said witness testified to. General reputation is a broad expression. Appellant having taken the witness stand in the instant trial, his general reputation for veracity was an issue. If the complaint in the bill was specific enough to show that the evidence of said witnesses was as to the bad reputation of appellant as not being a peaceable, law-abiding citizen, we would still be under the necessity of holding against appellant's contention. The evidence was admissible. Appellant filed an application for a suspended sentence, in which case our statutes specifically authorize proof on the issue of general reputation in order to enable the jury to intelligently decide whether to recommend such suspended sentence. Art. 865, Vernon's C. C. P., and authorities collated.

In his presentation of the case to this court appellant seems to further complain because of the failure of the charge to limit the purpose for which said evidence was admitted. It is the duty of one who desires that evidence admissible for a specific purpose be limited by the charge to the jury's consideration for that particular purpose, to present a request to the judge for such limitation, or take an exception to the general charge for its failure to limit the purpose for which such evidence was admitted. An examination of the record in the instant case shows that no exception was taken to the charge for its failure to limit the purpose for which the evidence of said three witnesses was admitted, nor was there any charge requested upon said point, and we are compelled to hold that in this condition of the record appellant's contention in regard to this matter is not properly before us for consideration.

We have examined carefully each of the matters presented by appellant, and finding ourselves unable to agree with his contentions, and finding no reversible error in the record, the judgment of the trial court will be affirmed.

*Affirmed.*

### ON REHEARING.

### February 22, 1922.

HAWKINS, JUDGE.—Appellant has filed a motion for rehearing upon various grounds, to only one of which we will advert.

Appellant armed with a rifle went to the field where deceased was at work, deceased being unarmed at the time. Appellant claims that after discussing some differences between them deceased seized his rifle and undertook, as he (appellant) believed to get possession of it

with the purpose of shooting appellant with it. Applying the law of self-defense the trial judge gave the following charge.

"If from the evidence you believe the defendant killed the said A. Wetz, but further believe that at the time of so doing the deceased had made an attack on him, which, from the manner and character of it and the relative strength of the parties and the defendant's knowledge of the character and disposition of the deceased, caused him to have a reasonable expectation or fear of death or serious bodily injury and that acting under such reasonable expectation or fear, the defendant killed the deceased, then you should acquit him."

It is the contention of appellant that this charge was too restrictive of his rights and did not present his defensive theory pertinently to the jury; that no attack in the ordinary sense had been made upon him by deceased, but that he had a right to kill because appellant believed deceased was about to disarm appellant and kill him with his own gun. We are unable to agree with the contention that the charge quoted does not sufficiently present the defensive theory. If it appeared to appellant that deceased was simply undertaking to disarm him in order to prevent appellant from shooting deceased then unquestionably appellant had no right to kill. If it appeared to appellant that deceased was undertaking to disarm him with the ultimate purpose of killing appellant with his own gun there is no question but that an attack had already commenced, and it occurs to us that the court pertinently told the jury, that if "from the manner and character of it and the relative strength of the parties and the defendant's knowledge of the character and disposition of deceased" it caused appellant to have a reasonable expectation or fear of death or serious bodily injury, and he killed deceased under such circumstances he should be acquitted. The jury doubtless understood the issue and could not have been misled by the charge of the court to the detriment of appellant. Appellant (who was the only eyewitness) testified that deceased was undertaking, as he (appellant) thought to disarm him, and that appellant believed if deceased was successful in this he would use the gun to kill him. We have not been able to bring our minds in accord with the proposition urged by appellant in his argument on rehearing that the facts thus stated did not raise the issue of an actual attack, but that appellant was acting upon the appearance of danger. According to his testimony the attack had already commenced and if the manner and the character of it was such, considering the relative strength of the parties, that it reasonably appeared to appellant that the ultimate purpose of the attack was to disarm and kill him, his right of self-defense was complete and the jury were so instructed.

Believing that our former disposition of the case was the proper one, the motion for rehearing is overruled.

*Overruled.*